UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EILEEN WALDRON, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>*v.*<br><br>CREDIT ONE BANK, N.A., a national bank,<br><br>   *Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Eileen Waldron brings this Class Action Complaint and Jury Demand ("Complaint") against Defendant Credit One Bank, N.A. ("Credit One") to seek redress for its placing of unsolicited telephone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Credit One, a consumer credit card bank, manages credit card accounts for "millions of people" with a special focus on those "who have been historically overlooked by other banks because of their less than perfect credit."[1]

2. To manage this customer base, Credit One uses computers to repeatedly machine-dial account holders at whatever telephone numbers it has on file, often to "remind" or otherwise

---

[1] Credit One Bank, *Frequently Asked Questions*, available at https://www.creditone bank.com/faqs.aspx (last accessed November 25, 2015).

persuade them to pay their bills.

3. Unfortunately, Credit One routinely calls wrong and reassigned telephone numbers belonging to non-customers. Moreover, when an actual customer's number stops working, Credit One will find a new one on its own, often through unreliable methods like "skip tracing" or "number trapping." Many such numbers end up being cellphone numbers.

4. Credit One necessarily lacks express consent to call cellphone numbers that are wrong, reassigned, or independently discovered without customer knowledge or input. By autodialing such numbers, without consent, Credit One routinely violates the TCPA.

5. The TCPA strictly forbids nuisance calls like those alleged in this Complaint— intrusive, automated calls to private cellphone numbers, placed without consent, and often without meaningful regard to whether such calls are actually directed to the intended recipients.

6. Credit One's TCPA violations caused Plaintiff and a Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited telephone calls, as well as the monies paid to receive such calls.

7. Plaintiff seeks an injunction to stop Credit One from placing unlawful calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff Eileen Waldron is a natural person, a citizen of the State of Connecticut, and a resident of New Haven County, Connecticut.

9. Defendant Credit One is a national bank with headquarters at 585 Pilot Road, Las Vegas, Nevada 89119. It regularly transacts business in the State of Connecticut and throughout

the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute. This Court has personal jurisdiction over Defendant because it routinely transacts business within this District, including issuing credit, placing calls, and collecting payments from residents of this District. Additionally, the specific conduct giving rise to this case was directed to a resident of this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant routinely transacts business within this District. Moreover, Plaintiff resides in this District, and she received Defendant's unlawful communications while in District.

## COMMON FACTUAL ALLEGATIONS

12. Credit One, a large national bank, services millions of credit card accounts for consumers throughout the United States. It regularly calls these consumers, mostly at numbers they willfully provided.

13. But Credit One also independently discovers new telephone numbers that it associates—often incorrectly—with its consumer accounts. It necessarily lacks prior express consent to call such numbers.

14. Worse, Credit One and/or its authorized agents call these numbers using equipment with the capacity to store or produce telephone numbers, and to dial such numbers, *en masse*, without any need for human intervention.

15. Not surprisingly, consumers complain in large numbers. For example:[2]



**Figure 1** (wrong-number complaint, noting 28 calls in 8 days from 5 different numbers.)



**Figure 2** (wrong-number complaint, noting 10-12 calls per day from different numbers.)



**Figure 3** (wrong-number complaint, noting hourly calls from different numbers.)

---

[2] Figures 1-7 are from 800notes.com, representing a small sample of the tens of thousands of Credit One consumer complaints. Indeed, Credit One appears to use hundreds of different telephone numbers, many of which are associated with multiple pages of online complaints.



**Figure 4** (wrong-number complaint, noting 15 calls over 2 hours.)



**Figure 5** (computer dialer complaint, noting continuous calls and number changing.)



**Figure 6** (wrong-number complaint, noting continuous calling to 13-year-old.)



**Figure 7** (reassigned-number complaint.)

16. The TCPA is intended to give consumers control over how and where they receive calls. When Credit One and/or its authorized agents incessantly autodial incorrect or independently discovered numbers, without consent, they take this control away from consumers and violate the spirit and letter of the TCPA.

## FACTS SPECIFIC TO PLAINTIFF WALDRON

17. Plaintiff has never been a customer of Credit One and has never provided it with her cellphone number or consent to call.

18. In September of 2014, Plaintiff Waldron acquired a Tracphone with a prepaid cellular plan. She paid $30 for a three-month subscription with 120 cellular voice minutes.

19. Unfortunately, starting in December of 2014, Credit One and/or its agents began calling Plaintiff's private Tracphone number approximately every half-hour, starting from the early morning and continuing until as late as 10:00 PM.

20. Plaintiff estimates that Credit One and/or its agents called her cellphone about two hundred times from at least five different telephone numbers over a two-month span, including the numbers (678) 528-2857, (678) 528-2855, (470) 225-2557, (973) 796-2481, and (732) 867-2870. These calls ultimately consumed the majority of her prepaid cellular voice minutes.

21. Plaintiff answered many of these calls. Most had a noticeable delay of a few seconds before connecting to a live operator, who would always have to speak over the cacophony of a boiler room.

22. The callers always identified themselves as "Credit One." They would ask Plaintiff about her "late loans," and she would explain that she is not a Credit One customer and has no loans with them. She would then ask them to stop calling.

23. Plaintiff estimates that she told Credit One and/or its agents to stop calling

6

approximately 60 times, averaging once per day. These requests had no effect.

24. Plaintiff further called the contact number listed Credit One's website—twice—to request that the calls stop. Unfortunately, her requests again had no effect.

25. After two months of futility, Plaintiff ultimately changed her telephone number to avoid further calls and expense.

26. Subsequently, Plaintiff turned to the Better Business Bureau of Southern Nevada to seek "[a]n explanation of why they were calling [her] hundreds of times and [a] refund of minutes they used up on [her] phone." *See* Complaint Activity Report, attached as Exhibit 1 (personal addresses and phone numbers redacted).

27. Credit One ultimately explained "the reason [Plaintiff's] number was called" was because Credit One's "records reflect[ed] that the telephone number was provided to Credit One as a contact phone number for one of our Cardholders." *Id*. It further noted that Plaintiff's telephone number "has been removed from [its] records; therefore, [she] should receive no further telephone calls from Credit One." *Id*. Nonetheless, it stated that Plaintiff's "request for reimbursement of telephone minutes is respectfully denied." *Id*.

28. Credit One and/or its authorized agents initiated calls to Plaintiff's cellular telephone number without her prior express consent and despite her requests to stop, all while using an automatic telephone dialing system.

29. Credit One knew that it and/or its agents used an automatic telephone dialing system to initiate calls, without consent, to a cellular telephone number that Plaintiff never provided, and thus knowingly and repeatedly violated the TCPA.

**CLASS ALLEGATIONS**

30. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2)

and 23(b)(3) on behalf of herself and a Class and of similarly situated individuals, defined as follows:

> All persons in the United States who: (1) received a telephone call initiated by or on behalf of Defendant; (2) at his or her cellular telephone number; and (3) where neither Defendant nor its agents had any current record of prior express consent from him or her to place such call at the time such call was placed.

The following are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons

31.  **Numerosity**: The exact number of Class members is unknown at this time, but it is clear that individual joinder is impracticable. Defendant has called thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

32.  **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

33.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

8

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

(c) whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36. **Superiority**: This case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227 *et seq*.
### (On behalf of Plaintiff and the Class)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Defendant and/or its authorized agents initiated telephone calls to Plaintiff's and the Class members' cellular telephone numbers without having prior express consent.

39. Defendant and/or its authorized agents initiated these calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*, simultaneously and without human intervention.

40. By having calls initiated to cellular telephone numbers with an automated

telephone dialing system and without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered invasions of privacy and statutory rights as well as the loss of money paid to receive Defendant's calls. Under 47 U.S.C. § 227(b)(3)(B), each are entitled to, *inter alia*, a minimum of $500 in statutory damages for each such violation of the TCPA.

42. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eileen Waldron, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Eileen Waldron as the representatives of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**EILEEN WALDRON** individually and on behalf of all others similarly situated,

Dated:  December 16, 2015                    By: /s/ Jonathan M. Shapiro
                                                One of Plaintiff's Attorneys

Jonathan M. Shapiro (ct24075)
jshapiro@shapirolawofficesct.com
SHAPIRO LAW OFFICES, LLC
104 Court Street
Middletown, Connecticut 06457
Tel: 860.347.3325
Fax: 860.347.3874

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari J. Scharg*
ascharg@edelson.com
Alicia E. Hwang*
ahwang@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

**Pro hac vice* admission to be sought.

*Counsel for Plaintiff and the Putative Class*